IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| PAUL M. GORDON § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-163 |
| § | |
| NATIONWIDE PROPERTY AND § | |
| CASUALTY INSURANCE CO., ET AL. § | |

## OPINION AND ORDER

On April 12, 2011, Defendants, Nationwide Property and Casualty Insurance Company, Steven Sheriff and Brett Soety, filed their Verified Plea in Abatement alleging that Plaintiff, Paul M. Gordon, failed to provide the 60-day Notice required by Texas Insurance Code § 541.154. The Plaintiff concedes that he did not provide the required Notice letter before filing suit on March 1, 2011, but argues that, *inter alia*, the tardy Notice letter sent to the Defendants on April 14, 2011, began the 60-day abatement clock which will expire on June 13, 2011, before this case will be set for trial, thereby rendering the Defendants' pending Plea moot, under the reasoning of In re Alford Chevrolet-Geo, 997 S.W.2d 173, 178 (Tex. 1999). The Court disagrees with the Plaintiff.

The Court finds the Plaintiff's Notice letter provides enough detail for the Defendants "to grasp the basis" of his complaint. The letter describes the Plaintiff's damages as follows:

> Specifically, Mr. Gordon's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Mr. Gordon's home also sustained some exterior damage during the storm. Furthermore, Paul M. Gordon sustained significant damage to his personal belongings within the home.

The letter also explains that Nationwide had failed to include in its payments all of the damages caused to the property by Hurricane Ike and provides a damages calculation.  See Richardson v. Foster & Sear, LLP, 257 S.W.3d 782, 786 (Tex. App. -- Fort Worth, 2008).  Admittedly, the letter could have been more enlightening, however, this Court has no inclination to haggle over what degree of factual specificity will be necessary to ultimately declare a Notice letter regarding hurricane damage to be sufficient or demand that Plaintiff file amended Notice letters until he gets it right.

Having found the letter to be sufficient, however, does not end the inquiry.  The 60-day abatement period will not end until June 13, 2011, and, in the opinion of this Court, Defendants are entitled to an abatement for the remainder of that period.

It is, therefore, **ORDERED** that this action is **ABATED** until **June 13, 2011**, at which time the stay will automatically expire.

**DONE** at Galveston, Texas, this \_\_\_\_22nd\_\_\_\_ day of April, 2011.

_____
John R. Froeschner
United States Magistrate Judge